Paul W. Wong, Esq. (SBN 181943)
Law Offices of Paul Wong
750 E. Green Street, Suite 204
Pasadena, CA 91101
(626) 689-7289
(626) 689-7098 (fax)
paul@pwonglegal.com

Attorneys for Plaintiff Humberto Constancia,
As Guardian ad Litem for Plaintiff Matthew Constancia

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| HUMBERTO CONSTANCIA, as Guardian ad Litem for MATTHEW CONSTANCIA., a mentally incompetent adult,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, ANDRES FLORES, KATE SOHN, PAUL MCKEEVER, PARADISE ADULT DAY TREATMENT CENTER, INC., and DOES 1 to 100,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>(1) NEGLIGENCE; (2) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (3) INTENTIONAL TORTS; (4) CIVIL RIGHTS VIOLATIONS (42 U.S.C. §1983, 42 U.S.C. § 1988, CALIFORNIA CIVIL CODE §§ 51.1 AND 51.7)<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES

The following is a Complaint for damages brought by Plaintiff by and through his attorneys the Law Offices of Paul Wong, who allege on information and belief as follows:

**NATURE OF THE ACTION**

A.      This is a civil rights negligence/intentional torts action arising from Defendants' wrongful termination of educational benefits, use of excessive force/improper force and coercion by LAUSD official and an unknown LAUSD police officer to waive plaintiff's continuing educational rights secured under 20 U.S.C. Section 1400 et seq., and as codified in California Education Code Section 56500 et seq. and 56500.2. Plaintiff Matthew Constancia, a developmentally disabled adult with cognitive deficits, also asserts causes of action for negligence, infliction of emotional distress and intentional torts resulting in loss of educational benefits, personal injury and emotion distress. This action is brought pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 and the Fourth, First and Fourteenth Amendments of the United States Constitution as well as the laws and Constitution of the State of California.

**JURISDICTION AND VENUE**

B.      A substantial part of the events and/or omissions complained of herein occurred in the City of Reseda, Los Angeles County, California, and this action is

properly assigned to the Western Division of the United States District Court of the Central District of California.

C. Jurisdiction is founded upon 28 USC Sections 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide claims arising under state law.

D. Venue is proper in the Central District of California because defendants Los Angeles Unified School District, Andres Flores, Kate Sohn, Paul McKeever, and Paradise Day Treatment Center, Inc., all reside in the Central District of California.

## PARTIES

1. Plaintiff Matthew Constancia (hereinafter "Matthew"), a developmentally disabled adult, is and was at all times relevant a resident of the County of Los Angeles, California, and residing in the City of Van Nuys. Plaintiff's father, Humberto Constancia, is and was at all times relevant a resident of the County of Los Angeles, California, and residing in the City of Van Nuys. Matthew's mother, LaTanya Constancia, was a resident of the County of Los Angeles at all relevant times herein.

2.      Plaintiff is informed and believes and on that basis alleges that the following are employees of defendant LOS ANGELES UNIFIED SCHOOL DISTRICT and residents of the County of Los Angeles:

a.      Defendant Andres Flores is employed by defendant Los Angeles Unified School District at all times herein;

b.      Defendant Kate Sohn is employed by defendant Los Angeles Unified School District at all times herein;

c.      Defendant Paul McKeever is employed by defendant Los Angeles Unified School District at all times herein; and

d.      Unknown defendant police officer is believed to be employed by defendant Los Angeles Unified School District at all times herein.

3.      Plaintiff is informed and believes and on that basis alleges that defendant Paradise Adult Day Treatment Center, Inc., ("Paradise") is and at all times was California corporation with its principal place of business located in the City of Chatsworth, County of Los Angeles

4.      Plaintiff is informed and believes and on that basis alleges that defendant LOS ANGELES UNIFIED SCHOOL DISTRICT ("LAUSD") is and at all times was California public school district with its principal place of business located in the City of Los Angeles, County of Los Angeles.

COMPLAINT FOR DAMAGES

4

5.      Plaintiff does not know the names and full capacities of defendants sued hereunder as DOES 1 Through 100, inclusive, therefore plaintiff sue each of them by fictitious names. Plaintiff will seek leave to amend this complaint to allege the DOE defendants' true names and capacities when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each DOE defendant is responsible in some manner for the acts and liabilities alleged herein and are the direct, proximate cause of acts and liabilities alleged herein and are the direct, proximate cause of acts and liabilities of the DOE defendants and each of them.

### FACTS COMMON TO ALL CAUSES OF ACTION

6.      Plaintiff is informed and believes that the defendants named hereinabove are subject to matters under the jurisdiction of the United States District Court for the Central District of California. The conduct, acts and liabilities which are the subject of this complaint occurred, respectively in the County of Los Angeles, State of California.

7.      Beginning in 1999, Matthew Constancia enrolled with the Los Angeles Unified School District. From the beginning, Matthew was identified as a special needs student due to his mental retardation, delayed learning, and delayed communications abilities. On or about February 26, 2007, Matthew was diagnosed as having Asperger's autism, ADHD and Tourette's Disorder.

8.      Pursuant to Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. Section 1400 et seq., Matthew was assessed and deemed developmentally disabled (autism) and provided with an Individualized Education Program plan. His plan included social skills development as well as impulse control and implementation of alternate achievement standards using an alternate curriculum. Matthew matriculated to Reseda High School and his IEP continued at Reseda High School.

9.      Unbeknownst to Matthew and his family, defendants LAUSD and its teachers did not properly implement Matthew's IEP. Matthew was eligible to behavioral, social and impulse control training and special needs educational support in addition to academic support. LAUSD and its teachers did not implement behavior support programs and functionally housed him at Reseda High School without adequate training and support.

10.     Upon information and belief, sometime in early September 2014, Matthew was accused by LAUSD and defendants Andres Flores, Kate Sohn and Paul McKeever of alleged inappropriate contact with another unknown student. Defendants, and each of them, met with LaTanya Constacia, Humberto Constancia and Matthew to discuss Matthew's options. Defendants, and each of them, along with an unknown LAUSD police officer, advised Matthew and his parents that Matthew faced criminal charges based upon his alleged inappropriate behavior.

COMPLAINT FOR DAMAGES

11. In particular, defendants, including but not limited to Andres Flores, Kate Sohn and Paul McKeever along with the unknown police officer, made it clear to Matthew and his family that Matthew would be arrested if he did not waive his continuing right to educational support with LAUSD. Defendants all made it clear that Matthew, now an "adult," would be charged and ultimately sent to jail if he did not relinquish and waive his right to educational support. Defendants and each of them made it clear that Matthew would likely suffer horribly in jail because of the alleged seriousness of the charges. These threats frightened Matthew and terrified him. He did not want to go to jail. He wanted to stay with his family and the threat of incarceration and implied violence in jail was sufficient to force Matthew to accept demand made by defendants LAUSD and its employees. He was made fearful and the presence of the unknown police officer was used to highlight the threat of arrest. This made Matthew's terror palpable to all present. Matthew was crying and terrified.

12. At no time did defendants, and each of them, ever indicate to Matthew and his mother that these threats were unfounded and that there was no probable cause for his arrest. In fact, the only information given by defendants was designed to intimidate, frighten and terrify Matthew and his family. Defendants, and each of them, knew that Matthew was a special needs student with a documented behavioral and impulse control concerns and did not have a history of violence.

Basic socialization/vocational education support would have ameliorated any outstanding concerns and had been previously authorized but not provided as part of Matthew's IEP. Instead, defendants made it clear that Matthew's only option was to waive and relinquish his educational rights in lieu of arrest and incarceration.

13. Fearing for his life, safety and well-being, Matthew tearfully agreed to waive and relinquish his educational rights. Matthew's parents refused to sign the waiver but could not protest LAUSD's actions because of the presence of the police officer. Matthew's acceptance was made under threat of arrest and force by defendant LAUSD employees Andres Flores, Kate Sohn, Paul McKeever. The unknown police officer never indicated that the threats of arrest and injury in jail were baseless and without merit. To the contrary, the unknown police officer's presence punctuated the threat of arrest and violence made by defendants, and each of them.

14. The document signed by Matthew was subsequently backdated by defendants to June 2014 so that the waiver of his education rights would pre-date the alleged incident and to cover up defendants' misconduct and outrageous behavior. Upon information and belief, this was done as Matthew was eligible under Federal and California law to continuing educational support due to his

special needs and developmental disabilities and defendants realized that their threats were improper and without legal basis.

15.     As a result defendants' misconduct, plaintiff has suffered the loss of educational benefits, training and socialization skill development to his detriment. Matthew, a disabled adult with autism, ADHD, and Tourette's requiring full-time supervised care, was forcibly removed from a safe and secure school environment without adequate training and skill development and forced to interact with the adult population in violation of the intent of multiple Federal and State educational statutes. Matthew's parents work and were unable to provide full-time care to him. This resulted in plaintiff having to seek alternate daycare even though he was otherwise legally entitled to remain in a protected school environment until age 22.

16.     As a result of the waiver and relinquishing of his education rights and due to his parents' inability to provide full-time care, Matthew had no choice but to attend a day program through the North Los Angeles County Regional Center. The day program was not equipped to protect Matthew from the predatory tactics of the other developmentally disabled adults in the program. Matthew, 18 years old at the time of incident, should have been at school receiving vocational and socialization training and to prepare for entry into an adult day program at age 22. Instead, Matthew was taken advantage of by other disabled adults and sexually assaulted.

17. The day program did not properly monitor Matthew. Matthew was enticed to watch adult pornography with an older adult male and taken to a bathroom and cajoled into performing sexual acts on the older adult male, including oral copulation and manipulation. This caused significant distress and anguish as Matthew was not sexually active and had not received adequate socialization training from LAUSD to prepare him to fight off and/or avoid the sexual predatory tactics of the older adults males at the day program facility. Instead, Matthew became despondent after the sexual assault and did not want to return to the day program. Matthew did not tell anyone about the assault due to his shame and embarrassment as a result of cognitive issues related to his developmental disabilities.

18. In early July 2015, after learning of the extent of misconduct against Matthew, plaintiff's parents initiated a Due Process hearing, OAH Case No. 2015080147, against LAUSD for his maltreatment and lack of support and attendant care. On or about August 24, 2015, LAUSD and plaintiff entered into a partial settlement agreeing to resolve the issues of special education placement.

19. On or about December 11, 2015, Matthew presented to the LAUSD a tort claim pursuant to Section 911.4 of the Government Code. On December 16, 2016, LAUSD denied the claim and gave notice to submit an Application to

Present Late Claim. The Application to Present Late Claim was filed on February 23, 2016. The application was denied on March 4, 2016.

20. Contemporaneously with the filing of this complaint, plaintiff has filed a petition for relief from claim requirement.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

(Against Defendants Andres Flores, Kate Sohn, Paul McKeever, unknown

police officer, Paradise Adult Day Treatment Center, and Does 1-50)

21. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

22. Plaintiff is informed and believes and on that basis alleges that the defendants and each of them knew or should have known that by committing the acts described hereinabove that such acts constitute a cause of action for negligence, based on the following:

(a) The LAUSD defendants have a duty first to avoiding humiliating, shaming and/or causing Matthew to fear for his bodily safety because Matthew was a student at Reseda High School and entitled to receive continuing special education benefits through age 22;

(b) The LAUSD defendants all knew there was no probable cause to arrest Matthew, let alone threaten him with arrest and incarceration;

COMPLAINT FOR DAMAGES

(c)     The LAUSD defendants, and each of them, knew that the threat of arrest would frighten Matthew and parents. Matthew, precisely because he was an identified special needs student, would take the threat of arrest and incarceration in the most negative way possible;

(d)     The LAUSD defendants, and each of them, knew that deprivation of his educational rights would result in him being removed from the care of LAUSD despite plaintiff's lack of adequate socialization training and skill development;

(e)     The LAUSD defendants knew, or by reasonable inspection and due diligence, should have known that very few day programs exist for disabled adults under the age of 22 because Federal and State law requires that schools provide continuing education to identified special needs students to age 22;

(f)     Defendant LAUSD and its defendant employees and agents failed to allow Matthew to receive adequate socialization and skill development prior to being exited from LAUSD's care and educational support;

(g)     LAUSD employees improperly and without authorization from others at LAUSD tricked and threatened Matthew with force and threat of violence in jail if he did not relinquish his educational rights;

(h)     Defendants LAUSD and its defendant employees, and each of them, knew or should have known that the alternate low cost day programs for developmentally disabled adults at the Regional Center would not provide the

COMPLAINT FOR DAMAGES

same level of legally mandated support that a school district would otherwise be obligated to provide to a disabled adult until age 22. They further knew, or should have known by reasonable inspection and due diligence, that Matthew would be exposed to adults who would take advantage of him because he was young and lacking in socialization training and skills development;

(j) Defendants LAUSD and its employees knew, or should have known, to refrain from abusing their authority granted to them by law;

(k) All defendants knew, or should have known, to use developmentally appropriate instruction and guidance consistent within the cognitive understanding of Matthew;

(l) Defendants LAUSD and its employees knew, or should have known, to retrain from violating Matthew's rights guaranteed by the United States and California Constitution, as set forth above, and as otherwise protected by law;

(m) Defendants LAUSD and its employee defendants, and each of them, all knew, or should have known that:

      i. Notice of the meeting was improper;

      ii. Plaintiff and his family were given no facts and no advanced notice of the issues and allegations;

iii.    Plaintiff and his family were not advised of their rights under numerous educational statutes, including but not limited to 20 U.S.C. Section1400 and California Education Code Section 56500 et seq.;

iv.    There was no effort to provide due process or to create the semblance of administrative hearing;

v.    The presence of the police officer created an environment of hostility, intimidation, and coercion and his presence was not proper in any educational dispute resolution setting, whether mediation, informal hearing, an administrative hearing, and/or due process hearing. The presence of the police officer had the effect of instilling fear and defendants' repeated threat of arrest and incarceration amounted to an interrogation, arrest and/or custodial detention by the LAUSD defendants;

vi.    The allegations leveled against Matthew were specious and/or did not merit the level of punishment being offered by defendants;

vii.    Both Federal and California law required that defendants provide in writing the allegations and charges and to convene a formal administrative-type meeting and/or hearing for the purpose of addressing the allegations and/or charges;

COMPLAINT FOR DAMAGES

14

viii.   Backdating Matthew's waiver was tantamount to doctoring the evidence of the hearing and/or to obfuscate the true facts and events of this meeting;

ix.   Matthew, due to his developmental disabilities, would not understand the proceedings against him but would understand that the vice principals' presence along with the presence of the police officer meant that failure to comply with their demands would result in punishment; and

x.   Matthew and his family were not advised of their right to have an attorney present at the custodial arrest, detention, and/or interrogation by defendants, and each of them given the allegations of criminal wrongdoing.

(m)   Defendant Paradise knew, or should have known, to monitor its adult disabled clients and supervise Internet use, including viewing of pornography and pornographic pictures. Defendant knew, or by reason diligence known, that plaintiff had significant impulse control concerns and had not received socialization training and skills training to ward off sexual advances by the other adult clients at Paradise. Defendant Paradise failed to adequately supervise and protect plaintiff and consequently he was sexually assaulted while under the direct care and supervision of Paradise.

COMPLAINT FOR DAMAGES

15

(n)    Defendant Paradise did not provide Matthew with adequate training, protection and supervision before introducing Matthew to its general adult client population.

23.    As a direct, proximate result of the actions of the defendants, and each of them, plaintiff has sustained bodily injury, damages and emotional distress in an amount according to proof at trial.

24.    Further, LAUSD is vicariously liable pursuant to the California Tort Claims Act (Govt. Code Section 815 et seq.) for the acts of its employees that arise during the course and scope of employment. Defendants Andres Flores, Kate Sohn, Paul McKeever, and the unknown police officer were and are employees of the LAUSD and the actions alleged herein along with their negligent conduct arose during their employment and was further a proximate cause of the injuries sustained by Matthew.

## SECOND CAUSE OF ACTION FOR INTENTIONAL

## INFLICTION OF EMOTIONAL DISTRESS

(Against Defendants Andres Flores, Kate Sohn, Paul McKeever,

unknown police officer, and Does 1-100)

25.    Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

COMPLAINT FOR DAMAGES

16

26.    Plaintiff is informed and believes and on that basis alleges that the defendants and each of them knew or should have known that by committing the acts described hereinabove, such acts caused plaintiff to suffer severe emotional distress and harm, based on the following:

a.    For the OUTRAGEOUS CONDUCT Defendants, and each of them, authorized, ratified and threatened Matthew with arrest and bodily harm if he refused to waive and relinquish his continuing educational rights;

b.    For the OUTRAGEOUS CONDUCT of defendants Andres Flores, Kate Sohn, Paul McKeever, and the unknown police officer when they unceremoniously kicked out Matthew for trumped up and bogus charges against him and causing continuing emotional distress and harm by refusing to acknowledge the outrageousness of the misconduct;

c.    For failing to protect Matthew, an identified special needs student under the care of LAUSD, from the relentless threats of violence and arrest exhibited by defendants, and each of them; and

d.    For failing to protect Matthew from the mean-spirited and threatening remarks by LAUSD employees threatening arrest and harm in jail.

e.    For the reckless disregard by defendants, and each of them, of the probable consequences of kicking him out of school without legal authorization and approval and forcing him to attend programs not designed to address the needs

COMPLAINT FOR DAMAGES

of students like Matthew below the age of 22 given defendants' failure to prepare him socially and vocationally, including daily skills training and sexual defense training, to be unceremoniously dumped into very limited supervised adult environment.

27. As a direct, proximate result of the actions of the defendants, and each of them, plaintiff has sustained bodily injury, damages and emotional distress in an amount according to proof at trial.

28. Plaintiff seeks punitive damages against defendants in an amount according to proof at trial.

## THIRD CAUSE OF ACTION FOR INTENTIONAL TORTS

(Against Defendants Andres Flores, Kate Sohn, Paul McKeever,

the unknown police officer, and Does 1-100)

29. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

30. Plaintiff is informed and believes and on that basis alleges that defendants, and each of them, knew or should have known that the above-described repossession acts were willful, wanton and intentional, as set forth above.

31. Upon information belief, defendants, and each of them, knew that Matthew was a special needs student with significant cognitive and mental

impairments and would be frightened and terrified by the prospect of arrest, incarceration and injury in jail. In fact, defendants made it clear to him that arrest and incarceration would result in injury and harm in case there was any lingering doubt about their threats. This was done to deprive him of his continuing educational rights and to force him leave LAUSD without a legal basis otherwise.

32. As a direct, proximate result of the actions of the defendants, and each of them, plaintiff has sustained bodily injury, damages and emotional distress in an amount according to proof at trial.

33. Plaintiff seeks punitive damages against defendants in an amount according to proof at trial.

**FOURTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION**

(Civil Rights Violations of United States and California Constitutions)

(As Against LAUSD, Andres Flores, Kate Sohn, Paul McKeever,

the unknown police officer, and Does 1-100)

34. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

35. Plaintiff is informed and alleges, that at all times herein mentioned, each of the defendants sued herein, defendants LAUSD, LAUSD employees Andres Flores, Kate Sohn, Paul McKeever, and the LAUSD unknown police officer, and Does 1-100, and each of them, were the agents and employees of each

of the remaining Defendants and were at all times acting within the purpose and scope of such agency and employment.

36.    LAUSD, LAUSD employees Andres Flores, Kate Sohn, Paul McKeever, and the LAUSD unknown police officer, and Does 1-100, and each of them, violated the California Constitution by interfering with Plaintiff's exercise and enjoyment of the rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 1, of the California Constitution to protect property, and obtain safety, happiness, and privacy.

37.    Defendants, and each of them, violated plaintiff's civil rights by, unlawfully and without probable, threatening arrest, incarceration and harm/injury in jail in an effort to get Matthew to waive and relinquish his Federal and State statutory right to continuing special needs education with LAUSD until age 22, including but not limited to:

a.    The right to have a due process hearing and/or some semblance of an administrative hearing with proper notice and right to have counsel present, especially given the allegations of criminal misconduct;

b.    Proper notice of Matthew's right to a due process hearing in compliance with Federal and State law; and

c.    The right of confrontation of witnesses and/or the presentation of evidence against Matthew and reasonable opportunity to respond.

COMPLAINT FOR DAMAGES

20

38.    Defendants, and each of them, under color of authority as LAUSD school officials, teachers and as a police officer violated plaintiff's civil rights by threatening violence against him by and through arrest and incarceration if he did not waive his educational and statutory rights in violation of Civil Code Section 52.1 as set forth further above and:

a.    The right to be free from unreasonable searches and seizures as secured by the fourth and Fourteenth Amendments and the California Constitution;

b.    The right to be free from excessive and unreasonable force and threats of arrest or detention as secured by the Fourth and Fourteenth Amendments and the California Constitution;

c.    The right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendments and the California Constitution; and

d.    The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking threats of intimidation, violence and arrest in order to force a waiver of educational rights as secured by the Fourteenth Amendment and the California Constitution.

39.    Defendants, and each of them, under color of authority as LAUSD school officials, teachers and as a police officer violated plaintiff's civil rights secured by 42 U.S.C. Section 1983, 42 U.S.C. Section 1988, and California Civil

COMPLAINT FOR DAMAGES

21

Code Sections 51.1 and 51.7 and to be free from any violence, or intimidation by threat of violence, committed against Matthew as set forth herein above.

40. As a result of said civil rights violations and arbitrary actions, plaintiff has sustained harm and injury and continues to suffer pain and humiliation that will require future psychological treatment in an amount to be determined at trial.

41. Further, LAUSD is vicariously liable pursuant to the California Tort Claims Act (Govt. Code Section 815 et seq.) for the acts of its employees, including Andres Flores, Kate Sohn, Paul McKeever, and the LAUSD unknown police officer, and Does 1-100, that arose during the course and scope of employment. Defendants Andres Flores, Kate Sohn, Paul McKeever, and the LAUSD unknown police officer, and Does 1-100, were, and upon information and belief, are employee of LAUSD and the actions alleged herein against defendants Andres Flores, Kate Sohn, Paul McKeever, and the LAUSD unknown police officer, and Does 1-100, arose during theor employment and were further a proximate cause of the injuries sustained by Matthew.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For nominal damages;

2. For compensatory damages;

3. For costs, out-of-pocket expenses, and interest accrued to date;

COMPLAINT FOR DAMAGES

4. Punitive damages under 42 U.S.C. Section 1983 and California law in an amount according to proof and which is fair, just and reasonable;

5. All other damages, penalties, costs, interest and attorney fees as allowed by 42 U.S.C. Section 1983 and 1988, Cal. Code of Civ. Procedure Section 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code Section 52, et seq., 52.1, 51.7 and as otherwise may be allowed by California and/or Federal law.

6. For all such other and further relief that the Court may deem just and proper.

Date: August 19, 2016        LAW OFFICES OF PAUL W. WONG

_____
Paul Wong, Esq.
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Date: August 19, 2016        LAW OFFICES OF PAUL W. WONG

_____
Paul Wong, Esq.
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

23